## No. 6127.

### STATE OF LOUISIANA VS. FRANK BENNISON.

In this instance the plea of prescription, under the statute of limitations, of one year, set up in bar, since the alleged discovery of the offense with which the accused is charged by the district attorney and other public authorities, must prevail.

By the bill of exceptions found in the record it appears to have been admitted on the part of the State that the accused was taken into legal custody for the offense charged, prior to the first of July, 1874, and that he has been in prison ever since, more than one year having intervened between that date and the time of filing the information on the seventh of December, 1875.

APPEAL from the Seventh Judicial District Court, parish of Pointe Coupée. *Hewes,* J. Criminal case. *Olivier O. Provosty,* District Attorney, and *A. P. Field,* Attorney General, for plaintiff and appellee. *A. D. M. Haralson* and *F. H. Farrar,* for defendant and appellant.

TALIAFERRO, J. The defendant appeals from a judgment condemning him to thirteen years imprisonment at hard labor in the Penitentiary.

We find from the record that the defendant was proceeded against twice by information and twice by indictment for the same offense, charged to be the burglarious breaking into the dwelling-house of one Joseph Moïse, with intent to murder him and steal his goods and chattels. The accused was convicted under the information filed against him, on the fifth of December, 1875, at the regular term of the district court of the parish of Pointe Coupée. He had been twice before put on trial on the said charge. A motion was made to quash and set aside the information last filed (December 5, 1875), on the following grounds:

First—That there are material erasures and interlineations therein, without any written statement that they were made prior to signing and filing the same.

Second—That the State can not prosecute by information for the offense charged, and that he can only be held to plead to such a charge if made by a grand jury.

Third—That the information charges him with the same crime with which he has been twice before charged in this court, to wit, " burglary," once by indictment filed on the eleventh December, 1874, and once by information filed thirtieth July, 1875. That the State can not detain him

in custody from time to time on successive reiterated charges for the same offense.

Fourth—That the information filed at this term, to wit, on the seventh December, 1875, shows that defendant has once been tried, viz: at the December term, 1874, now attempted to be revived against him.

Should the above motion to quash be overruled, the defendant pleads in bar to this prosecution: First—*Autrefois acquit.* Second—Prescription.

The motion and pleas in bar were overruled, and a bill of exceptions taken to the ruling.

A formal plea of prescription was filed interposing and pleading in bar of the prosecution prescription and the statute of limitations of one year since the alleged discovery of the offense with which he is charged by the district attorney and other public authorities, and therefore that said prosecution can not be held or maintained by the State, and he moved to have the same dismissed with all costs in this behalf expended.

The plea of prescription must prevail. By the bill of exceptions found in the record it appears to have been admitted on the part of the State that the accused was taken into legal custody for the offense charged prior to the first of July, 1874, and that he has been in prison ever since, more than one year having intervened between that date and the time of filing the information on the seventh of December, 1875.

It is therefore ordered that the judgment appealed from be annulled, avoided, and reversed. It is further ordered that the prosecution against the defendant be dismissed.